FILED

NOT FOR PUBLICATION

JAN 24 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

UBALDO FRANCO SALAS, Jr.,

Defendant - Appellant.

No. 11-50088

D.C. No. 2:10-cr-00368-PSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Ubaldo Franco Salas, Jr., appeals from the 51-month sentence imposed

following his guilty-plea conviction for being a felon in possession of a firearm, in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Salas first contends that the district court abused its discretion by refusing to to reduce his criminal history category from category six to category four where the majority of his convictions stemmed from his problems with substance abuse. The court did not abuse its discretion in denying the departure where it considered Salas' arguments and then imposed a sentence at the lowest end of the Guidelines range. *See United States v. Carter*, 560 F.3d 1107, 1117-19 (9th Cir. 2009) (no abuse of discretion where sentencing judge imposed a within-Guidelines range sentence after considering defendant's arguments for a reduced sentence).

Salas next contends that his sentence is substantively unreasonable in view of his troubled upbringing, the impact his incarceration would have on his family, and his pre-trial conditions of confinement. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Salas' low-end Guidelines sentence is substantively reasonable. *See United States v. Stoterau*, 524 F.3d 988, 1001-02 (9th Cir. 2008).

**AFFIRMED.**

11-50088